# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOHN S. GAY,

    Plaintiff,

v.                                              Case No. 3:24-cv-959-TJC-LLL

CENTURION, LLC, et al.,

    Defendants.

## ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE

Plaintiff initiated this action by filing a pro se Civil Rights Complaint. See Doc. 1. He is proceeding as a pauper, see Doc. 10, on an Amended Complaint, see Doc. 16. He sues the following three Defendants: Centurion, LLC; RN Kaylee Scott, and RN John Hricz. Id.

Plaintiff alleges that between November 13 and 14, 2022, Defendants Scott and Hricz failed to provide him with any medical care after Plaintiff suffered four strokes. Id. at 5. He contends that because of Scott and Hricz's actions, other officers were forced to help Plaintiff and transport him to the hospital for emergency care. Id. According to Plaintiff, because of Scott and Hricz's failure to provide timely care, he suffered major complications, including multiple surgeries and mobility impairments. Id. at 6. As relief, he requests monetary damages. Id.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) this deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences

should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nevertheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of

3

the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Absent well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

Liberally read, Plaintiff's Amended Complaint fails to state a plausible § 1983 claim against Defendant Centurion. When a claim of deliberate medical indifference is brought against a private contractor based on its functional equivalence to a government entity, liability under § 1983 cannot be based on a theory of respondeat superior. Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (citation omitted). Instead, the plaintiff must show that the entity "had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." Id. (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Here, Plaintiff does not allege a Centurion custom or policy led to the alleged violation of his constitutional rights. Indeed, Plaintiff fails to allege any facts to connect Centurion to the alleged violation. Instead, he strictly claims that the actions of Defendants Scott and Hricz violated his rights and caused his injuries. For those reasons, Defendant Centurion is due to be dismissed without prejudice.

4

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The claims against Centurion, LLC, are **DISMISSED without prejudice**, and the Clerk shall terminate Centurion, LLC, as a Defendant in this case.

2. A separate Order will enter regarding service of process on the remaining Defendants.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of March, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7

C:   John S. Gay, #882614